UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 08-20552
        Honorable Lawrence P. Zatkoff

TERRY C. CROSSWHITE,

        Defendant.
_____/

## ORDER CONTINUING DETENTION AND DENYING STIPULATION AS TO CONDITIONS OF BOND

This matter comes before the Court on the parties' stipulation as to conditions of bond [dkt 9]. In the stipulation, the parties agree that Defendant should be released from federal custody conditioned upon a $50,000 unsecured bond, Defendant's consent to an electronic tether monitoring device, and Defendant's compliance with various other conditions set forth by Pretrial Services. In this way, the submission amounts to a stipulation for revocation of pre-sentencing detention. For the reasons set forth below, a hearing on this matter would be fruitless, the parties' stipulation is DENIED, and Defendant's detention is continued.

On November 7, 2008, Defendant signed a consent order of detention pending trial, which indicated that he would be "entitled to a detention hearing at a later time." At the time Defendant signed the consent order, he was incarcerated in state court on unrelated charges. Defendant pleaded guilty to the wire-fraud count before this Court on November 13, 2008; the sentencing guideline range for the offense totaled 41 to 51 months. Apparently, the state charges against Defendant were subsequently dropped, thereby entitling Defendant to be released from his incarceration as it related to the state-court charges. He remains incarcerated, however, by virtue of this Court's November

7 consent order of detention. The parties now stipulate to his release until he is sentenced, which is scheduled to occur on February 10, 2009.

Before ordering the pretrial detention of a defendant, the Court generally must hold a detention hearing under 18 U.S.C. § 3142(f). In this case, however, Defendant pleaded guilty to the wire-fraud count with which he was charged and faces a term of imprisonment. In such circumstances, holding a pretrial detention hearing is rendered moot. *See United States v. Meyers*, 95 F.3d 1475 (10th Cir. 1996), *cert. denied*, 522 U.S. 1006 (1997) (holding that the district court's failure to hold a timely hearing regarding the defendant's motion for pretrial release was rendered moot by the defendant's subsequent conviction). Therefore, the Court finds that the circumstances do not warrant or otherwise entitle Defendant to a detention hearing.

Pursuant to 18 U.S.C. § 3143, the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." Defendant's criminal history establishes that pre-sentence release is inappropriate. In 1994, Defendant pleaded guilty to first-degree criminal sexual conduct. In 1997, he again pleaded guilty to first-degree criminal sexual conduct. In both of those offenses, he used a weapon. Also in 1997, Defendant pleaded guilty to two counts of second-degree criminal sexual conduct and assault with a deadly weapon. Defendant was incarcerated for these offenses. On September 19, 2008, the 46th District Court for the State of Michigan issued a personal protection order against Defendant, effective until April 11, 2009.

In addition to his violent criminal history, Defendant has a history of substance abuse, has not provided Pretrial Services with contact information for any relatives or friends, and has a history

of using aliases and other forms of false identification. These factors, taken together, establish that Defendant should not be released prior to his sentencing. Accordingly,

The parties' stipulation as to conditions of bond is DENIED.


                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 4, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 4, 2008.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290